DFT026516

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ARDRA YOUNG, ANTHONY MICHAEL FLINT,
MICHAEL EUGENE VAUGHN, MILTON RICKMAN,
GARY PERRY, <u>on behalf of themselves
and all others similarly situated</u>,

        Plaintiffs,

v.

THE DISTRICT <u>and</u> SUPREME COURTS
<u>of the State of Michigan</u>,

        Defendant(s).

_____/

Case:2:10-cv-15144
Judge: Battani, Marianne O
MJ: Binder, Charles E
Filed: 12-28-2010 At 04:10 PM
CIV: ARDRA YOUNG,ET AL V. THE DISTR
ICT COURT,ET AL (KB)

## <u>VERIFIED CIVIL COMPLAINT PURSUANT TO 42 U.S.C. § 1983 SEEKING DECLARATORY AND INJUNCTIVE RELIEF</u>

This action is filed pursuant to Title 42, U.S.C. § 1983. Plaintiffs seek declaratory and injunctive relief pursuant to Title 28, U.S.C. § 2201 and class certification pursuant to Fed.R.Civ.P. 23(a), <u>see</u> Motion for Class Certification and Memorandum of Law and Points in Support, filed evenly with this Complaint. There are no other pending or resolved claims regarding the subject matter of this suit between the parties.

### I.   <u>Jurisdiction and Venue</u>

1. This Court is vested with jurisdiction over this action pursuant to the following statutory provision:

      a. Title 28, U.S.C. § 1331(a);

      b. Title 28, U.S.C. § 1343(a);

      c. Title 28, U.S.C. § 1367;

      d. Title 28, U.S.C. § 2201;

      e. Title 42, U.S.C. § 1983;

2.   This Court is the proper venue for this action, inasmuch as Plaintiffs are alleging, inter alia, violations of the substantive component of the Due Process Clause of the Fourteenth Amendment perpetrated by the state judiciary, and therefore Plaintiffs are entitled to "invoke § 1983 regardless of [the theoretical] availability of a state remedy," Daniels v. Williams, 474 U.S. 327, 337-338 (1986)(interpolation added); see also Dugan v. Brooks, 818 F.2d 513, 517 (6th Cir. 1987);

3.   In addition, Plaintiffs are alleging that, in the absence of jurisdiction, their respective judgments are void ab initio, and as such are open to attack or impeachment in any proceeding, direct, or collateral, at any time, and in any venue;

## II.   This action is not barred by any statute of limitations and the parties are not immune from this suit

4.   This Complaint is not barred by the Prisoner Litigation Reform Act ("PLRA") or any other relevant statute of limitations;

5.   The district and supreme courts of the State of Michigan cannot claim immunity from the instant suit, insofar as Plaintiffs are seeking only declaratory and injunctive relief;

## III.   Parties to this Action

6.   During the relevant periods at issue, named plaintiffs Ardra Young, Anthony Flint, Michael Vaughn, and Milton Rickman were U.S. citizens, residents of the State of Michigan, County of Wayne, City of Detroit;

7.   During the relevant periods at issue, named plaintiff Gary Perry was a U.S. citizen, resident of the State of Michigan, Township of Clinton;

8.   Each of the herein-named plaintiffs are being detained pursuant to various state court judgments, and are presently situated at diverse facilities within the Michigan Department of Corrections;

9.   Lead named plaintiff is situated at the Ryan Correctional Facility, located at 17600 Ryan Road, Detroit, Michigan 48212;

10.   During the relevant periods at issue, the district court and the supreme court were bound by the Supremacy Clause of Article 6, Section II of the U.S. Constitution, and the Fourth and Fourteenth Amendments to the U.S. Constitution;

11.   Pursuant to the Michigan Constitution of 1965, Article 6, § 1, there is only "one supreme court" in the State of Michigan;

12.   The district court is a creature of statute, <u>see</u> MCL 600.8101(1), and "Michigan has but one district court," <u>People v. Fiorillo</u>, 195 Mich. App. 701, 703 (1993); <u>Judges of the 74th Judicial Dist. v. Bay Co.</u>, 385 Mich. 710, 723 (1971);

## IV.   Statement of Facts

13.   To facilitate brevity and to avoid redundancy, the relevant facts of this Complaint are delineated in the affidavits appended to this Complaint under separate cover, with additional facts interspersed as necessary to develop the legal and factual bases for this Complaint, <u>see</u> Appendix ("Apx");

## V.   The legal and factual grounds of this Complaint

14.   This Complaint is premised upon two discrete legal grounds and operative factual bases:

-3-

PLAINTIFF CLASS MEMBERS HAVE BEEN DEPRIVED OF THEIR FOURTH AND FOURTEENTH AMENDMENT RIGHTS WHERE DEFENDANT DISTRICT COURT HAS AND CONTINUES TO ENGAGE IN THE PRACTICE AND CUSTOM OF INITIATING DETENTIONS WITHOUT LEGAL PROCESS AND THE WRONGFUL INSTITUTION OF LEGAL PROCESS WITHOUT ATTACHMENT OF ORIGINAL JURISDICTION, WHERE THE MAGISTRATES ABDICATE THEIR CONSTITUTIONALLY-IMPOSED DUTY TO ACT AS NEUTRAL AND DETACHED DETERMINERS OF PROBABLE CAUSE BY THEIR UNQUESTIONED RELIANCE UPON CONCLUSORY AND UN-FILED COMPLAINTS BASED SOLELY ON INFORMATION AND BELIEF OF THE COMPLAINING OFFICER.

PLAINTIFF CLASS MEMBERS HAVE BEEN AND CONTINUE TO BE UNCONSTITUTIONALLY DETAINED PURSUANT TO A JUDGMENT ENTERED BY A COURT ACTING IN THE COMPLETE ABSENCE OF JURISDICTION WHERE THE MICHIGAN SUPREME COURT ENACTED AND ENFORCED A RULE THAT UNCONSTITUTIONALLY EXPANDED THE JURISDICTIONS OF THE THIRD JUDICIAL CIRCUIT COURT AND THE FORMER DETROIT RECORDERS COURT.

## VI.   The governing law for Ground One

15.   The requirements for a _valid_ Complaint under the Fourth and Fourteenth Amendments have been clearly delineated in _Giordenello v. United States_, 357 U.S. 480 (1958), wherein the Supreme Court expressly held that "[t]he purpose of the complaint...is to enable the appropriate magistrate...to determine whether the 'probable cause' required to support a warrant exists," _Giordenello_, 357 U.S. at 486;

16.   The Supreme Court further held that the magistrate must "**judge for himself** the persuasiveness of the facts relied on by a complaining officer to show probable cause," and not tacitly "accept without question the complainant's mere conclusion that the person whose arrest is sought has committed a crime," _id_., emphasis added;

17.   Name plaintiffs contend that the district court of the State of Michigan has engaged in long-standing and gross deviations from the constitutional rule for the proper determination of probable cause and subsequent resort to further criminal process of innocent arrestees;

-4-

18.   In support of this contention, named plaintiffs refer this Court to an unanimous opinion of a panel of the Michigan Court of Appeals, which held that:

> ...[T]here has developed in Michigan a curious exception to th[e] rule [announced in <u>Giordenello</u>]. Where a complaint purports to be made on personal knowledge...no matter how conclusory the statements and absurd the presumption of personal knowledge, **th[e] minimum requirements [announced in Giordenello] are no longer enforced**.
>
> *        *        *
>
> This long-standing rule has apparently never been challenged in light of <u>Giordenello</u>...and cases interpreting it.
>
> *        *        *
>
> The rule [adopted by the district court] allows **judicial activity which fails to comport with constitutional requirements**.

<u>People v. Hill</u>, 44 Mich. app. 308, 312-313 (1973)(interpolations, emphasis added);

19.   An examination of the four corners of each of the ostensible Complaints naming the named plaintiffs proves that the district court continues to engage in the practice condemned in <u>Giordenello</u> and its begets, as these Complaints "consist[] of nothing more than the complaint's conclusion that the...named [plaintiffs]...perpetrated the offense described in the complaint," <u>Whiteley v. Warden, Wyoming State Penitentiary</u>, 401 U.S. 560, 566 (1971)(interpolations added), and in these bare-bones Complaints "every operative fact" is omitted," <u>id</u>., <u>see</u> Apx.;

-5-

## VII.   The   absence   of   a   filed   Complaint

20.   In Michigan, the complaint serves to **"initiate[] the judicial phase of the prosecution..."**, People v. Burrill, 391 Mich. 124, 128 (1974)(emphasis added), and a magistrate is authorized to issue a warrant <u>only</u> "upon [the] presentation of a **proper complaint**," MCL 764.1a(1), emphasis added;

21.   In situations where the accused is arrested "without a warrant," as was the case with four of the named plaintiffs and many of the proposed class members, "a complaint...must be filed at or before the time of arraignment," MCR 6.104(D);

22.   As noted by one Justice of the Michigan supreme court, the rules governing filings of papers may not be flouted as superfluous or as hypertechnicalities, inasmuch as they "promote certainty [of proper filing] by providing a clear rule that **applies to all litigation**," Moore v. Department of Corrections, Michigan Supreme Court No. 115613, 6/2/2000, Corrigan, J. (concurring)(emphasis added);

23.   The rule governing the filing of all papers in every Michigan court is MCR 2.107(G), which provides that:

> The filing of...papers with the court by these rules **must be with the clerk of the court**, except that the judge to whom the case is assigned may accept papers for filing when circumstances warrant. A judge who does so **shall note the filing date on the papers** and transmit them forthwith to the clerk. It is the responsibility of the party who presented the papers to confirm that they have been filed with the clerk. If the clerk dockets papers on a date other than the filing date, the clerk **shall note the filing date on the register of actions**.

24. It is well-settled that, in Michigan, a paper may be considered as "filed" only "when it is delivered to and received by the proper officer to be kept on file, and endorsement of the officer with whom it is filed is but evidence of **the time of filing**," Biafore v. Biafore, 119 Mich. App. 667, 669 (1982)(emphasis added);

25. Prior to November 30, 1999, the rule in Michigan was that "'the clerk **shall endorse on every paper the date on which it was filed**,'" Howard v. Bouman, 251 Mich. App. 136, 143 (2002)(quoting MCR 8.105(B)(emphasis added);

26. On November 30, 1999, the Michigan supreme court amended MCR 8.105 and adopted a new rule, which likewise provided that "'the clerk of the court **shall endorse on the first page of every document the date on which it is filed**,'" Howard, id., quoting MCR 8.119(C)(emphasis added);

27. The Howard panel held that, in reference to the provision mandating the endorsement of the date of filing, "the word 'shall' is used to designate **a mandatory provision**," Howard, id., emphasis added;

28. A criminal complaint may be considered as "properly filed" only "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," Artuz v. Bennett, 531 U.S. 4, 8 (2000);

29. None of the Complaints naming the named plaintiffs are in compliance with any the rules governing filing, i.e., they do not contain an endorsement by the clerk indicating the date on which it was filed;

30.  In Michigan every court filing and proceeding must be reflected on the register of actions or docket entries of the case, see MCR 2.107(G), and the listing of a filing constitutes evidence of its actual filing;

31.  There is no entry on the register of actions or docket entries of the named plaintiffs' cases that reflect the filing of a Complaint, see Apx., Affidavits of named plaintiffs, ¶ 7 thereof;

32.  The above facts constitutes prima facie proof that the district court has and continues to engage in the unconstitutional practice and custom of relying upon un-filed Complaints in criminal proceedings--a fact that cannot be negated by the expedient production of a "complaint" at this late date;

## VIII.  The governing law for Ground Two

33.  Administrative Order 1986-1 was enacted by the Michigan supreme court on October 2, 1986 and enforced through 1995;

34.  By means of this judicial fiat, the territorial jurisdictions of the Criminal Division of the Third Judicial Circuit Court and the former Detroit Recorders Court were unconstitutionally expanded;

35.  The Third Judicial Circuit Court is a constitutionally-created entity, see Michigan Const. 1963, Art. 6 § 1, and at the time of the events at issue its Criminal Division had jurisdiction of offenses that occurred in Wayne County, except for offenses occurring within the corporate limits of the City of Detroit;

36.  By contrast, the former Detroit Recorders Court, dissolved on October 1, 1997, was a creature of statute, whose jurisdiction was territorially circumscribed to felonies "committed within the

corporate limits of the City of Detroit," <u>People v. Fiorillo</u>, 195 Mich. App. 701, 703-704 (1992);

37.   In December 1993, named plaintiff Anthony Flint was accused of committing armed robbery and homicide in the City of Dearborn Heights, County of Wayne, but was subsequently tried and convicted in the Detroit Recorders Court, <u>see</u> Apx., Affidavit of Anthony Flint, p. 2, ¶ 8;

38.   The Michigan supreme court, utilized the Criminal Division of the Third Judicial Circuit Court to prosecute offenses that occurred within the corporate limits of the City of Detroit, and utilized the Detroit Recorders Court to prosecute offenses that occurred throughout the County of Wayne between the years 1986 and 1995;

39.   It is well-settled that a court created by statute, as was the case with Detroit Recorders Court, can exercise only the jurisdiction bequeathed to it by the statute creating it, <u>see</u> <u>Sheldon v. Sill</u>, 49 U.S. (8 How) 441 (1850); <u>Christianson v. Colt Industries Operating Corp.</u>, 486 U.S. 800, 820 (1988);

IX.   <u>Culpability and Liability of the district court</u>

40.   The district court of the State of Michigan knew or should have known that it was "quite literally correct" that the named plaintiffs and proposed class members were "innocent arrestee[s]" at the time of their respective arraignments, <u>People v. Manning</u>, 243 Mich. App. 615, 622 (2000), and that its practice and custom of abdicating its constitutionally-mandated duty of making neutral and detached determinations of probable cause to subject them to further criminal process their detentions violated the Fourth and Fourteenth Amendments;

41. The district court of the State of Michigan knew or should have known that it can only be vested with jurisdiction only upon the filing of a proper Complaint, People v. Hass, 79 Mich. 449, 454 (1890), and that its practice and custom of relying upon un-filed Complaints defeats the attachment of jurisdiction and renders the entirety of the proceedings coram non judice and void ab initio;

## X. Culpability and Liability of the supreme court

42. The supreme court of the State of Michigan knew or should have known that it violated the Separation of Powers Clause of the U.S. and Michigan Constitutions by its enactment and enforcement of Administrative Order 1986-1, inasmuch as this "ultra vires [act] [was] beyond the[ir]...authority because the state cannot lawfully authorize its officials to violate the constitution," Smyth v. Lubbers, 398 F.Supp. 777, 784 (W.D. 1975)(interpolations added);

43. At the time it promulgated Administrative Order 1986-1, the supreme court of the State of Michigan knew or should have known that "'circuit courts do not have jurisdiction in matters in which jurisdiction is given exclusively by constitutional provision or by statute to another court,'" Bowie v. Arder, 441 Mich. 23, 50 (1992)(quoting Ward v. Hunter Machinery Co., 263 Mich. 445, 449 (1933));

## XI. Damage to Named Plaintiffs and Proposed Class Members from the unconstitutional conduct of Defendants

44. Named plaintiffs and proposed class members have suffered and continue to suffer irreparable harm from the unconstitutional conduct of Defendants, to the extent that:

a.   They have been and continue to be subjected to detentions without legal process;

b.   They have been and continue to be subjected to the wrongful institution of legal process;

c.   They have been and continue to be falsely imprisoned, inasmuch as no actual finding of probable cause has been determined by a neutral and detached judicial officer;

d.   They have been and continue to be subjected to criminal proceedings indelibly tainted by a radical jurisdiction defect;

e.   They have been and continue to be detained pursuant to an ultra vires judgment rendered by a court which has unconstitutionally expanded territorial jurisdiction of the Criminal Division of the Third Judicial Circuit Court and the former Detroit Recorders Court;

## XII.   First Cause of Action

**45.**   Named plaintiffs and proposed class members hereby adopt and incorporate by reference paragraphs 1 through 44;

**46.**   The district court, by its practice and custom of sole reliance upon bare-bones and conclusory Complaints as basis for the finding of probable cause, committed "trespass for false imprisonment," Dynes v. Hoover, 61 U.S. (20 How.) 65, 81 (1857);

**47.**   A "radical defect in jurisdiction" has occurred, as the practice and custom of the district court "clearly contravene[s]" the tenets of Giordenello, supra, which was "an express legal requirement in existence at the time of" Defendant's unconstitutional conduct, People v. Price, 23 Mich. App. 663, 671 (1970);

**48.**   The district court, by its practice and custom of relying upon un-filed Complaints, as evidenced by the fact that the ostensible Complaints are void of a filing date and do not appear on the

respective dockets entries, see Price v. Vincent, 538 U.S. 634, 642 (2003)(Evidence of a bona fide court filing "include[s]...[whether] a docket entry had been made reflecting the...action), failed to acquire jurisdiction over the named plaintiffs and proposed class members, and the proceedings against them were rendered "coram non judice...because lawful judicial authority was not present and could therefore not yield a judgment," Burnham v. Super. Ct. of Cal., 495 U.S. 604, 608 (1990);

### XIII.   Second   Cause   of   Action

49.   Named plaintiffs and proposed class members hereby adopt and incorporate by reference paragraphs 1 through 44;

50.   By its enactment and enforcement of Administrative Order 1986-1, the supreme court of the State of Michigan violated the Separation of Powers Clauses of the U.S. and Michigan Constitutions, and imputed to the Criminal Division of the Third Judicial Court and the former Detroit Recorders Court a "hypothetical jurisdiction" over named plaintiff Anthony Flint and the proposed class members, Steel Co. v. Citizens for as Better Environment, 523 U.S. 86, 101 (1998), and this ultra vires act "produce[d] nothing more than...hypothetical judgments," id., which are wholly incompetent to warrant and maintain the detention of a citizen;

## <u>Relief Requested</u>

**WHEREFORE,** on the basis of the foregoing, the named plaintiffs to this action seek the following forms of relief:

A.   That this Court **FIND AND ADJUDGE** that named plaintiffs have satisfied the requirements of Rule 23(a) for class certification;

B.   That this Court **FIND AND ADJUDGE** that Defendants are culpable and liable to named plaintiffs and the proposed class members for violations of the Fourth and Fourteenth Amendments to the U.S. Constitution;

C.   That this Court **FIND AND ADJUDGE** that named plaintiffs are entitled to declaratory relief and enter a declaratory order to the following effect:

**THAT** Defendant district court of the State of Michigan has engaged in a long-standing and to-date practice and custom of eschewing the constitutional requirements for criminal complaints and institution of criminal process, and that its reliance upon bare-bones and conclusory complaints for a finding of probable cause is unconstitutional, and insufficient to confer its jurisdiction over named plaintiffs and the proposed class members;

**THAT** the practice and custom of Defendant district court of the State of Michigan of relying upon <u>un-filed</u> Complaints constitutes an insuperable bar to jurisdiction over named plaintiffs and the proposed class members;

**THAT** the enactment and enforcement of Administrative Order 1986-1 by Defendant supreme court of the State of Michigan was an unconstitutional expansion of the territorial jurisdictions of the Criminal Division of the Third Judicial Circuit Court and the former Detroit Recorders Court, and all judgments obtained from this ultra vires action are void <u>ab initio.</u>

Named plaintiffs seek an immediate and permanent Injunction, whereby

Defendant district court of the State of Michigan is enjoined from:

Violating the constitutional requirements for the determination of probable cause, as delineated in <u>Giordenello v. United States</u>, 357 U.S. 480 (1958);

       Maintaining the detentions of all persons where no Complaint has been filed pursuant to MCR 2.107(G) and MCR 6.104(D);

Named plaintiffs also seek an immediate and permanent Injunction, whereby Defendant supreme court of the State of Michigan is enjoined from:

       Maintaining the detention of all persons convicted pursuant to Administrative Order 1986-1;

      Named plaintiffs also seek additional relief as required by justice and equity.


Respectfully submitted,


Ardra Young, #260575
Ryan Correctional Facility
17600 Ryan Road
Detroit, Michigan 48212

Michael Anthony Flint


Michael E. Vaughn

Milton Rickman


Gary Perry


-14-

# Verification

I, Ardra Young, the lead plaintiff in the above-entitled action, do hereby verify the contents of this Complaint and appendices thereto, and believe same to be true and correct to the best of my knowledge, information, and belief, 28 U.S.C. § 1746.


Ardra Young, #260575
Ryan Correctional Facility
17600 Ryan Road
Detroit, Michigan 48212

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ARDRA YOUNG, ANTHONY MICHAEL FLINT,
MICHAEL EUGENE VAUGHN, MILTON RICKMAN,
GARY PERRY, on behalf of themselves
and all others similarly situated,

       Plaintiffs,

v.

THE DISTRICT COURT and SUPREME COURT
of the State of Michigan,

       Defendants.

_____/

Case:2:10-cv-15144
Judge: Battani, Marianne O
MJ: Binder, Charles E
Filed: 12-28-2010 At 04:10 PM
CIV: ARDRA YOUNG,ET AL V. THE DISTR
ICT COURT,ET AL (KB)


APPENDIX   TO   COMPLAINT


Affidavits of each Named Plaintiff in order
as arranged in caption


Ardra Young, #260575
Lead Plaintiff
Ryan Correctional Facility
17600 Ryan Road
Detroit, Michigan 48212

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ARDRA YOUNG, ANTHONY MICHAEL FLINT,
MICHAEL EUGENE VAUGHN, MILTON RICKMAN,
GARY PERRY, on behalf of themselves
and all others similarly situated,

      Plaintiffs,

v.                                        Case No. 10-_____

THE DISTRICT and SUPREME COURTS
of the State of Michigan,

      Defendant(s).
_____/


## Affidavit of Ardra Young

I, Ardra Young, do hereby state and depose under oath and penalty of perjury under the laws of the United States that the following averments are true and correct to the best of my knowledge, information, and belief:

1. That I am a named plaintiff and the lead plaintiff in the above-captioned case;

2. That the instant Complaint has been researched and conceived by and through the cooperative efforts of each of the above-named plaintiffs, and I have been authorized by the above-named plaintiffs to draft and file same;

3. That at 12:20 p.m. on February 9, 1997, I was taken into custody without a warrant by the homicide bureau of the Detroit Police Department;

4. That on February 10, 1997, I was haled into the 36th District Court under force of arms and arraigned before a magistrate judge, where I stood mute;


Page One of Two

5.   That no witnesses proffered any testimony during the arraignment;

6.   That the ostensible Complaint that lists me as the defendant is conclusory, does not contain any operative facts from which probable cause could be determined, and does not contain a date-stamp from the court clerk as required by the operative rules of filing papers;

7.   That the register of actions and/or docket entries in both district court and the circuit court do not list an entry indicating that a Complaint had been filed in my case;

8.   That I believe that the grounds presented in the instant Complaint are of constitutional dimensions and present legitimate challenges to the attachment of jurisdictions in my case and those of the named plaintiffs;

9.   That I believe that I am entitled to redress on the grounds contained in the instant Complaint;

10.   That the above representations are true and correction to the best of my knowledge, information, and belief;

Further, I saith NAUGHT.


Ar'dra Young   #260575
Ryan Correctional Facility
17600 Ryan Road
Detroit, Michigan 48212

Page Two of Two

UNITED  STATES  DISTRICT  COURT
EASTERN  DISTRICT  OF  MICHIGAN
SOUTHERN  DIVISION


ARDRA YOUNG, ANTHONY MICHAEL FLINT,
MICHAEL EUGENE VAUGHN, MILTON RICKMAN,
GARY PERRY, <u>on behalf of themselves
and all others similarly situated</u>,

        Plaintiffs,


v.                                  Case No. 10-_____


THE DISTRICT <u>and</u> SUPREME COURTS
<u>of the State of Michigan</u>,

        Defendant(s).
_____/


### Affidavit  of  Michael Anthony Flint

    I, Michael Anthony Flint, do hereby state and depose under oath and penalty of perjury under the laws of the United States that the following averments are true and correct to the best of my knowledge, information, and belief:

    **1.**  That I am one of the named plaintiffs in the above-captioned case;

    **2.**  That the instant Complaint has been researched and conceived by and through the cooperative efforts of each of the above-named plaintiffs, and I and the remainder of the named plaintiffs have authorized lead plaintiff Ardra Young to draft and file same on our collective behalf;

    **3.**  That upon my arrest in December 1993, I was taken into custody without a warrant by the Dearborn Heights Police Department;

    **4.**  That on December 30, 1993, I was haled into the district court, where I was arraigned by a magistrate judge under force of arms;

Page One of Two

5.    That no witnesses proffered any testimony during the arraignment;

6.    That the ostensible Complaint that lists me as the defendant is conclusory, does not contain any operative facts from which probable cause could be determined, and does not contain a date-stamp from the court clerk as required by the operative rules of filing papers;

7.    That the register of actions and/or docket entries in both district court and the circuit court do not list an entry indicating that a Complaint had been filed in my case;

8.    That, although the alleged offense occurred in Dearborn Heights, Michigan, I was tried and convicted in the former Detroit Recorders Court, which was statutorily-limited to felony offenses that occurred within the corporate limits of the City of Detroit;

9.    That I believe that the grounds presented in the instant Complaint are of constitutional dimensions and present legitimate challenges to the attachment of jurisdictions in my case and those of the named plaintiffs;

10.    That I believe that I am entitled to redress on the grounds contained in the instant Complaint;

11.    That the above representations are true and correction to the best of my knowledge, information, and belief;

Further, I saith NAUGHT.


_Anthony M. Flint_
Anthony Michael Flint

Page Two of Two

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARDRA YOUNG, ANTHONY MICHAEL FLINT,
MICHAEL EUGENE VAUGHN, MILTON RICKMAN,
GARY PERRY, <u>on behalf of themselves
and all others similarly situated</u>,

      Plaintiffs,

v.                                   Case No. 10-_____

THE DISTRICT <u>and</u> SUPREME COURTS
<u>of the State of Michigan</u>,

      Defendant(s).
_____/

### Affidavit of Michael Eugene Vaughn

    I, Michael Eugene Vaughn, do hereby state and depose under oath and penalty of perjury under the laws of the United States that the following averments are true and correct to the best of my knowledge, information, and belief:

    **1.**  That I am one of the named plaintiffs in the above-captioned case;

    **2.**  That the instant Complaint has been researched and conceived by and through the cooperative efforts of each of the above-named plaintiffs, and I and the remainder of the named plaintiffs have authorized lead plaintiff Ardra Young to draft and file same on our collective behalf;

    **3.**  That upon my arrest on August 25, 1991, I was taken into custody without a warrant by the Detroit Police Department;

    **4.**  That on August 27, 1991, I was haled into the 36th District Court, where I was arraigned by a magistrate judge under force of arms;

5. That no witnesses proffered any testimony during the arraignment;

6. That the ostensible Complaint that lists me as the defendant is conclusory, does not contain any operative facts from which probable cause could be determined, and does not contain a date-stamp from the court clerk as required by the operative rules of filing papers;

7. That the register of actions and/or docket entries in both district court and the circuit court do not list an entry indicating that a Complaint had been filed in my case;

8. That I believe that the grounds presented in the instant Complaint are of constitutional dimensions and present legitimate challenges to the attachment of jurisdictions in my case and those of the named plaintiffs;

9. That I believe that I am entitled to redress on the grounds contained in the instant Complaint;

10. That the above representations are true and correction to the best of my knowledge, information, and belief;

Further, I saith NAUGHT.


*Michael E. Vaughn*
Michael Eugene Vaughn

Page Two of Two

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ARDRA YOUNG, ANTHONY MICHAEL FLINT,
MICHAEL EUGENE VAUGHN, MILTON RICKMAN,
GARY PERRY, <u>on behalf of themselves
and all others similarly situated</u>,

     Plaintiffs,


v.                         Case No. 10-_____


THE DISTRICT <u>and</u> SUPREME COURTS
<u>of the State of Michigan</u>,

     Defendant(s).
_____/


## Affidavit of Milton Rickman


    I, Milton Rickman, do hereby state and depose under oath and penalty of perjury under the laws of the United States that the following averments are true and correct to the best of my knowledge, information, and belief:

    1.  That I am one of the named plaintiffs in the above-captioned case;

    2.  That the instant Complaint has been researched and conceived by and through the cooperative efforts of each of the above-named plaintiffs, and I and the remainder of the named plaintiffs have authorized lead plaintiff Ardra Young to draft and file same on our collective behalf;

    3.  That I was arrested on June 1, 2003 by the Detroit Police while recuperating from multiple gunshot wounds at Detroit Receiving Hospital;

    4.  That on June 3, 2003, I was haled into the 36th District Court, where I was arraigned by a magistrate judge under force of arms;

**5.** That no witnesses proffered any testimony during the arraignment;

**6.** That the ostensible Complaint that lists me as the defendant is conclusory, does not contain any operative facts from which probable cause could be determined, and does not contain a date-stamp from the court clerk as required by the operative rules of filing papers;

**7.** That the register of actions and/or docket entries in both district court and the circuit court do not list an entry indicating that a Complaint had been filed in my case;

**8.** That I believe that the grounds presented in the instant Complaint are of constitutional dimensions and present legitimate challenges to the attachment of jurisdictions in my case and those of the named plaintiffs;

**9.** That I believe that I am entitled to redress on the grounds contained in the instant Complaint;

**10.** That the above representations are true and correction to the best of my knowledge, information, and belief;

Further, I saith NAUGHT.


_Milton Rickman_
Milton Rickman

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ARDRA YOUNG, ANTHONY MICHAEL FLINT,
MICHAEL EUGENE VAUGHN, MILTON RICKMAN,
GARY PERRY, on behalf of themselves
and all others similarly situated,

       Plaintiffs,

v.                         Case No. 10-_____

THE DISTRICT and SUPREME COURTS
of the State of Michigan,

       Defendant(s).

_____/


## Affidavit of Gary Perry


    I, Gary Perry, do hereby state and depose under oath and penalty of perjury under the laws of the United States that the following averments are true and correct to the best of my knowledge, information, and belief:

    1.  That I am one of the named plaintiffs in the above-captioned case;

    2.  That the instant Complaint has been researched and conceived by and through the cooperative efforts of each of the above-named plaintiffs, and I and the remainder of the named plaintiffs have authorized lead plaintiff Ardra Young to draft and file same on our collective behalf;

    3.  That I was arrested on August 19, 2005 by Sterling Heights Police pursuant to a warrant issued on August 10, 2005;

    4.  That on August 20, 2005, I was haled into the 41st A3 District Court, where I was arraigned by a magistrate judge under force of arms;


Page One of Two

**5.** That no witnesses proffered any testimony during the arraignment;

**6.** That the ostensible Complaint that lists me as the defendant is conclusory, does not contain any operative facts from which probable cause could be determined, and does not contain a date-stamp from the court clerk as required by the operative rules of filing papers;

**7.** That despite the fact that the Complaint is date-stamped August 10, 2005, the register of actions and/or docket entries in both district court and the circuit court do not list an entry indicating that a Complaint had been filed;

**8.** That I believe that the grounds presented in the instant Complaint are of constitutional dimensions and present legitimate challenges to the attachment of jurisdictions in my case and those of the named plaintiffs;

**9.** That I believe that I am entitled to redress on the grounds contained in the instant Complaint;

**10.** That the above representations are true and correction to the best of my knowledge, information, and belief;

Further, I saith NAUGHT.


Gary Perry

Page Two of Two



# CIVIL COVER SHEET FOR PRISONER CASES

| | | |
|---|---|---|
| **Case No.** 10-15144 | **Judge:** Marianne O. Battani | **Magistrate Judge:** Charles E. Binder |

| **Name of 1st Listed Plaintiff/Petitioner:** | **Name of 1st Listed Defendant/Respondent:** |
|---|---|
| ARDRA YOUNG, ET AL | THE DISTRICT AND SUPREME COURTS OF THE STATE OF MI |
| **Inmate Number:** 260575 | **Additional Information:** |

**Plaintiff/Petitioner's Attorney and Address Information:**

**Correctional Facility:**

Ryan Correctional Facility
17600 Ryan Road
Detroit, MI 48212
WAYNE COUNTY

**BASIS OF JURISDICTION**
  ☐ 2 U.S. Government Defendant
  ☒ 3 Federal Question

**NATURE OF SUIT**
  ☐ 530 Habeas Corpus
  ☐ 540 Mandamus
  ☒ 550 Civil Rights
  ☐ 555 Prison Conditions

**ORIGIN**
  ☒ 1 Original Proceeding
  ☐ 5 Transferred from Another District Court
  ☐ Other:

**FEE STATUS**
  ☐ IFP *In Forma Pauperis*
  ☒ PD Paid

**PURSUANT TO LOCAL RULE 83.11**

1.  **Is this a case that has been previously dismissed?**
    ☐ Yes          ☒ No
    ➤ If yes, give the following information:
        Court: _____
        Case No: _____
        Judge: _____

2.  **Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)**
    ☐ Yes          ☒ No
    ➤ If yes, give the following information:
        Court: _____
        Case No: _____
        Judge: _____