UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARDRA YOUNG, ET AL.,

        Plaintiffs,                  Case Number: 2:10-CV-15144

v.                                      HON. MARIANNE O. BATTANI

THE DISTRICT AND SUPREME
COURTS OF THE STATE OF
MICHIGAN,

        Defendants.
_____/

## ORDER OF SUMMARY DISMISSAL

This matter is pending before the Court on the *pro se* civil rights complaint filed by Ardra Young, Anthony Michael Flint, Michael Eugene Vaughn, Milton Rickman, and Gary Perry ("Plaintiffs"). Plaintiffs name as defendants the District and Supreme Courts of the State of Michigan. Plaintiffs' complaint alleges that they are being unconstitutionally detained because the defendants relied upon inadequate complaints in making a probable cause determination and because the defendants lacked jurisdiction over their criminal matters. Plaintiffs seek release from incarceration.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to *sua sponte* dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, to fail to state a claim upon which relief may be granted, or to seek relief from

a defendant who is immune from suit.  *See* 28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis either in law or in fact.  *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must show that:  (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity.  *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996).  A *pro se* civil rights complaint is to be construed liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that the complaint is subject to summary dismissal.

Plaintiffs' request for relief for alleged violations of their constitutional rights related to the convictions for which they are incarcerated is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  As the Supreme Court summarized its holding in *Heck*:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (emphasis in original and footnote omitted).  Plaintiffs have not shown that their convictions have been invalidated by state officials or impugned by

federal officials on habeas corpus review, and success in this action would demonstrate the invalidity of their confinement. Therefore, the complaint fails to state a claim upon which relief may be granted.

Additionally, a state court is not a "person" subject to suit under § 1983, *see Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir.) but is an arm of the state entitled to Eleventh Amendment immunity. *Id.* at 269-70; *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304, 2309-10 (1989). The State of Michigan has not consented to be sued for civil rights actions in federal court, *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir.1986), and § 1983 does not abrogate Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 341 (1979). Accordingly, the Michigan District and Supreme Courts are immune from liability for cases filed under § 1983. *Geller v. Washtenaw County*, 2005 WL 3556247 (E.D. Mich. 2005) (Borman, J.) (state district court is an arm of the state protected by Eleventh Amendment immunity); *Horton v. 48th District Court*, 2006 WL 3240663 (E.D. Mich. 2006) (Cohn, J.) (same).

For the reasons set forth above, the Court concludes that Plaintiffs' complaint lacks an arguable basis in law and fails to state a claim for which relief may be granted.

Accordingly, **IT IS ORDERED** that Plaintiffs' claims are summarily dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)[1]

---

[1] *See Hodge v. City of Elyria*, 126 F. App'x 222, 223 (6th Cir. 2005) (holding that cases dismissed pursuant to *Heck* should be dismissed without prejudice so that plaintiffs may re-assert their claims if they obtain reversal or expungement of their convictions).

**IT IS FURTHER ORDERED**, that if Plaintiffs elect to appeal this decision, they may not proceed without prepayment of the fees and costs on appeal because an appeal would be frivolous and could not be taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917, 921 (1962).

        s/Marianne O. Battani
        MARIANNE O. BATTANI
        UNITED STATES DISTRICT JUDGE

Dated: January 18, 2011

### CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upo the Plaintiffs', Ardra Young, and Anthony Flint, on the above date via ordinary U.S. Mail.

        s/Bernadette M. Thebolt
        Case Manager