**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ARDRA YOUNG, ET AL.,

        Plaintiffs,                Case Number: 2:10-CV-15113

v.                                    HONORABLE MARIANNE O. BATTANI

THE DISTRICT AND SUPREME
COURTS OF THE STATE OF
MICHIGAN,

        Defendants.
_____/

## ORDER DENYING PLAINTIFFS' MOTION AND AMENDED MOTION TO ALTER THE JUDGMENT OF SUMMARY DISMISSAL PURSUANT TO RULE 59(e)

Plaintiffs Ardra Young, Anthony Michael Flint, Michael Eugene Vaughn, Milton Rickman, and Gary Perry filed a civil rights complaint under 42 U.S.C. § 1983. The Court dismissed the complaint, pursuant to 28 U.S.C. § 1915A(b),[1] because Plaintiffs failed to state a claim upon which relief may be granted. Now before the Court are Plaintiffs' Motion to Alter the Judgment of Summary Dismissal Pursuant to Rule 59(e) and Amended Motion to Alter the Judgment of Summary Dismissal Pursuant to Rule

---

[1]     28 U.S.C. § 1915(e)(2) provides, in pertinent part:

    Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
    . . .
    (B) the action or appeal –
    . . .
    (ii) fails to state a claim upon which relief may be granted . . .

59(e).

Motions to alter or amend judgments, filed pursuant to Fed. R. Civ. P. 59(e), are "entrusted to the court's sound discretion." *Keweenaw Bay Indian Community v. United States*, 940 F. Supp. 1139, 1140 (W.D. Mich. 1996) (*citing Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982)). Rule 59(e) motions are generally granted when one of the following circumstances arises:

> (1) because of an intervening change in the controlling law; (2) because evidence not previously available has become available; or (3) necessity to correct a clear error of law or prevent manifest injustice.

*Nagle Industries, Inc. v . Ford Motor Co.*, 175 F.R.D. 251, 254 (E.D. Mich. 1997) (*citing Keweenaw Bay*, 940 F. Supp. at 1141). "Such motions, however, are 'not intended as a vehicle to relitigate previously considered issues;' 'should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence' and are not the proper vehicle to attempt to obtain a reversal of a judgment 'by offering the same arguments previously presented.'" *Id.*, *(quoting Keweenaw Bay*, 904 F. Supp. at 1141).

Plaintiffs argue that the Court made a legal error when it found that the complaint was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because Plaintiffs are not seeking immediate release from custody and are not challenging the validity of their convictions. The complaint, however, clearly argues that Plaintiffs are unconstitutionally detained and seeks an injunction barring the State of Michigan from maintaining the incarceration of persons convicted pursuant to a process they argue is unlawful. The Court is not bound

by the label affixed to a complaint by a plaintiff.  *Norwood v. Michigan Department of Corrections*, 67 F. App'x 286, 288 (6th Cir. 2003).  Plaintiffs cannot evade *Heck's* bar by claiming not to seek release from custody when a judgment in their favor plainly would render their continued incarceration unconstitutional.  *Id.*

Second, Plaintiffs argue that the Court was incorrect in holding that defendants are not a "person" who may be sued under § 1983 and that defendants are immune from suit.  Plaintiffs fail to show that these decision were the result of a legal error.  *See Mumford v. Basinski*, 105 F.3d 264, 268 (6th Cir. 1997) *; Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 766 (2002) ( "Sovereign immunity does not merely constitute a defense to monetary liability or even all types of liability.  Rather, it provides an immunity from suit.").

Finally, Plaintiffs argue that the undersigned district judge should have disqualified herself from this matter.  Section 455 of Title 28 provides, in relevant part:

> Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

28 U.S.C. § 455.

Disqualification under 28 U.S.C. § 455(a) must be predicated "upon extrajudicial conduct rather than on judicial conduct . . . and upon a personal bias as distinguished from a judicial one, arising out of the judge's background and association and not from the judge's view of the law."  *Consolidated Rail Corporation v. Yashinsky*, 170 F.3d 591, 597 (6th Cir. 1999) (internal quotations omitted).  The party requesting recusal "has the

burden of convincing the court that a reasonable person would find that the bias exists." *Id.* Opinions held by a judge as a result of something learned in a prior proceeding is not characterized as bias or prejudice. *Liteky* v. U.S., 510 U.S. 540, 551 (1994).

The fact that the undersigned presided over one Plaintiff's criminal trial does not show bias or prejudice. *See id.* Plaintiffs present no other reason for recusal. The Court concludes that there is no valid basis for recusal of the undersigned judge from this action. *Accord Whiteside v. Ghee*, 1997 WL 778103, *1 (6th Cir. Dec. 11, 1997) (holding that federal district court judge who presided over plaintiff's state criminal trial need not recuse him or herself from prisoner complaint filed under 42 U.S.C. § 1983).

Accordingly, IT IS ORDERED that Plaintiffs' "Motion to Alter the Judgment of Summary Dismissal Pursuant to Federal Rule of Civil Procedure 59(e)" [dkt. # 7] and "Amended Motion to Alter the Judgment of Summary Dismissal Pursuant to Federal Rule of Civil Procedure 59(e)" [dkt. #8] are DENIED.

            s/Marianne O. Battani
            MARIANNE O. BATTANI
            UNITED STATES DISTRICT JUDGE

DATED: August 18, 2011

CERTIFICATE OF SERVICE

    I hereby certify that on the above date a copy of this Order was served upon the Paintiffs' via ordinary U.S. Mail, and Counsel for the Respondent, electronically.

                                                          s/Bernadette M. Thebolt
                                                          Case Manager